IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**BENNIE J. TILLMAN, #K7156**                                                          **PETITIONER**

versus                                                          CIVIL ACTION NO. 2:04cv201-KS-MTP

**WARDEN DON CABANA and JIM HOOD**                              **RESPONDENTS**

## OPINION AND ORDER

THIS MATTER is before the court on the petitioner's Motion to Hold Habeas Petition in Abeyance [35]. Having considered the submissions of the parties, along with documents made a part of the record of this case and the applicable law, the undersigned finds that the motion should be denied.

PROCEDURAL HISTORY

In June of 2001, Bennie Tillman was convicted in the Circuit Court of Marion County, Mississippi of possession of cocaine and was sentenced as an habitual offender to a term of life imprisonment without the possibility of parole. Claiming that the trial court erred by rejecting certain of his *Batson* challenges and that the verdict was not supported by sufficient evidence as to his constructive possession of the cocaine, Tillman filed a direct appeal of his conviction and sentence to the Mississippi Supreme Court. On November 26, 2002, the court of appeals affirmed Tillman's conviction and sentence.[1] The court of appeals denied his motion for rehearing on January 21, 2003, and the supreme court denied his petition for writ of certiorari on April 3, 2003.

On January 16, 2004, Tillman sought leave from the Mississippi Supreme Court to file his "Petition for Post-Conviction Relief" in which he asserted, among others, a claim of

---

[1] *Tillman v. State of Mississippi,* 841 So. 2d 1160 (Miss. 2002).

ineffective assistance of both trial and appellate counsel related to jury selection.[2]  On May 7, 2004, the supreme court denied Tillman's application stating in part that "Tillman's claim of ineffective assistance of counsel fails to meet the standard imposed by *Strickland v. Washington,* 466 U.S. 668 (1984)...."

Tillman filed his *pro se* petition for writ of habeas corpus on June 15, 2004.  By that petition and the amended petition filed July 22, 2004, he asserts as grounds for habeas relief, among others, the ineffective assistance of counsel claim considered and rejected by the Mississippi Supreme Court.  Following several extensions of time, the respondents answered the petition on July 18, 2005.

In October of 2006, Tillman filed a so-called "Supplemental Brief," without leave of court, in which he again raises an ineffective assistance of counsel claim by claiming that his "fundamental rights" were violated through the ineffectiveness of his trial counsel during the "habitual sentencing phase of the proceedings."[3]  Then, on January 29, 2007, Tillman filed the instant motion to hold his habeas case in abeyance so that he may return to state court and proceed with post-conviction collateral relief efforts as to the ineffective assistance of counsel claim urged in his "Supplemental Brief."

DISCUSSION

---

[2] He had three years from the date his "direct appeal [was] ruled upon" to do so.  Miss. Code. Ann. § 99-39-5(2).

[3] Supplemental Brief [31] at 1-2, 9.  Tillman was initially indicted only on the possession charge. Record at 5.  A motion to amend the indictment to charge Tillman as an habitual offender under Miss. Code Ann. § 99-19-83 was filed on the day of trial.  (R.25-26).  At the hearing on the motion to amend the indictment held immediately prior to the trial, Tillman's trial attorney objected "as a matter of course...to the time frame in which the amendment was made." Tr. 3:20-23.  The indictment was nonetheless amended. (R.27). At the sentencing hearing, no further argument was made on this point.  Tr. 159-67.

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject, specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003). A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999). The expiration of the time for review thus includes "the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort." *Roberts v. Cockrell,* 319 F.3d at 694.

As noted above, the Mississippi Supreme Court denied certiorari on April 3, 2003. Tillman's judgment therefore became final–and the statute of limitations for federal habeas relief began to run–on July 2, 2003, (April 3, 2003 plus ninety days), giving him until July 2, 2004 to file his petition. However, because Tillman properly filed an application for post-conviction relief in the Mississippi Supreme Court within one year after the judgment became final, the AEDPA limitation period was tolled during the pendency of that application from January 16, 2004 until May 7, 2004. *See* 28 U.S.C. § 2244(d)(2); *see also Flanagan v. Johnson,* 154 F.3d 196, 199 & n.1 (5th Cir. 1998) (noting that the plain wording of section 2244(d)(2) specifies tolling for a "pending" "properly filed application"). As a result of this tolling, Tillman's time for filing his petition for habeas relief was extended to October 22, 2004 (July 2, 2004 plus 112 days).

Although Tillman may have met the federal filing deadline by filing his petition, at the

3

earliest, on June 8, 2004,[4] timely filing of the petition does not end the inquiry.  In addition to the time period within which federal habeas relief may be sought, AEDPA also specifies that exhaustion of a claim in state court is required for a federal court to consider the claim:  "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that...the applicant has exhausted the remedies available in the courts of the State... ."  28 U.S.C. § 2254(b)(1)(A). It is further specified in section 2254(c) that an applicant "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  Thus, it is a "fundamental prerequisite" to federal habeas relief that a petitioner exhaust all his claims in state courts prior to seeking federal collateral relief.  *Sterling v. Scott,* 57 F.3d 451, 453 (5th Cir. 1995).

To satisfy this requirement, the petitioner must present his claims to the highest state court in a procedurally proper manner so that the state courts are given a fair opportunity to consider and pass upon challenges to a conviction before those issues come to federal court for habeas corpus review.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999).  Exhaustion results from the petitioner's pursuit of his claims through state courts either by direct appeal or by post-conviction proceedings.  *See Orman v. Cain,* 228 F.3d 616, 620 & n.6 (5th Cir. 2000).

Although the Mississippi Supreme Court has denied a claim of ineffective assistance of counsel on its merits, it has not addressed Tillman's ineffective assistance of counsel claim asserted in his "Supplemental Brief."  Because  Tillman's petition is arguably a "mixed" petition

---

[4] The mailbox rule tolls the statute of limitations when the petition is delivered  to prison officials for mailing.  *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999).

stating both unexhausted and exhausted claims, Tillman filed the instant motion to stay this petition so he can return to state court to exhaust his unexhausted claim in compliance with 28 U.S.C. § 2254(b).

When, as in this case, a petitioner has failed to exhaust all of his claims in state court, the federal habeas court has the discretion to stay a petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). However, stay and abeyance should only be available in limited circumstances. *Rhines*, 544 U.S. at 277. Stay and abeyance is only appropriate when three requirements are met: 1) there is "good cause for the petitioner's failure to exhaust his claims first in state court[;]" 2) the unexhausted claims are not "plainly meritless[;]" and 3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 277-78. Stays are only available in limited circumstances because granting a petitioner's motion to stay and hold in abeyance "effectively excuses a petitioner's failure to present his claims first to the state courts." *Id*. at 277.

Tillman fails to offer "good cause," or any explanation for that matter, for his failure to exhaust the ineffective assistance of counsel claim raised in his "Supplemental Brief."[5] *See Neville v. Dretke*, 423 F.3d 474, 479-80 (5th Cir. 2005) (holding that petitioner was not entitled to stay of petition where he failed to offer good cause for his failure to exhaust and where his unexhausted claims were not potentially meritorious). Because Tillman has failed to show good cause for his failure, he has failed to show that this is one of the "limited circumstances" where a

---

[5]*See* Motion to Hold Habeas Petition in Abeyance [35].

motion to stay a petition should be granted.[6]

Additionally, as the State of Mississippi points out in its brief, staying the case would accomplish nothing. Should Tillman file another petition for post-conviction relief in state court, his petition would likely be barred as a successive petition under Miss. Code Ann. § 99-39-27(9) or as otherwise untimely pursuant to Miss. Code Ann. § 99-39-5(2).

It is, therefore, ORDERED AND ADJUDGED that Tillman's Motion to Hold Habeas Petition in Abeyance [35] be, and hereby is, DENIED.

SO ORDERED on the 7th day of August, 2007.

                                    s/ Michael T. Parker
                                    United States Magistrate Judge

---

[6] Because the court finds that Tillman has failed to meet the "good cause" requirement as set forth above, analysis of the other two requirements is unnecessary. However, because Tillman waited over two years to file his "Supplemental Brief," and waited another three months to file the instant motion, there certainly is at least an "indication" that he has engaged in dilatory litigation tactics.

6